IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>NORTIA LOGISTICS, INC.,<br><br>    Defendant. | **8:25CV357**<br><br>**ORDER** |

  On August 26, 2025, the magistrate judge ordered plaintiff Union Pacific Railroad Company ("Union Pacific") to "show good cause for the failure" to serve the defendant Nortia Logistics, Inc. ("Nortia") within ninety days after the complaint was filed, as required by Federal Rule of Civil Procedure 4(m) (Filing No. 6). Union Pacific responded to the show-cause order by filing a "Notice of Bankruptcy Case Filed by Nortia Logistics, Inc. and Request to Stay Proceedings" (Filing No. 7). In its response, Union Pacific claims it served process on Nortia on May 28, 2025, as evidenced by a certified mail return receipt it received on June 11, 2025 (Filing No. 7-2). However, Union Pacific did not file proof of service with the Court because, in its view, Nortia's pending chapter 11 case implicated "an automatic stay pursuant to section 362 of the Bankruptcy Code." *See* 11 U.S.C. § 362. Attached to Union Pacific's response is a copy of Nortia's "voluntary petition for relief under chapter 11 of title 11 of the United States Code," with case number 25-08699, "in the United States Bankruptcy Court for the Northern District of Illinois" (Filing No. 7-1). Union Pacific also requests that the Court "stay all proceedings in this matter pending the Chapter 11 case."

  Union Pacific is on the right track. Voluntary bankruptcy petitions trigger an automatic stay of "the commencement or continuation" of most civil proceedings against a debtor. 11 U.S.C. § 362(a)(1); *see also Am. Prairie Constr. Co. v. Hoich*, 560 F.3d 780,

789 (8th Cir. 2009) ("Generally, when a party files a Chapter 11 bankruptcy petition, all proceedings 'against the debtor' are stayed."). For that reason, upon notification "that a defendant in a civil case is a debtor in a bankruptcy case," the Court ordinarily will issue an order staying further proceedings in the case as to the party in bankruptcy. NEGenR 1.5(a)(1).

That rule also generally provides that the civil case will be "referred to the bankruptcy court for further action" if any party moves for such referral. *Id.* Neither party has requested a referral nor has Nortia addressed Union Pacific's notice. Therefore, the Court sees no present reason to refer this case to the bankruptcy court. Accordingly,

IT IS ORDERED:
1. Plaintiff Union Pacific Railroad Company's action against defendant Nortia Logistics, Inc. is stayed until further order of the Court.
2. Nortia Logistics, Inc. shall promptly notify the Court of the resolution of the bankruptcy proceedings in these cases or any other order affecting the stay under 11 U.S.C. § 362(a). In the interim, Nortia Logistics, Inc. shall provide the Court with a status update on the bankruptcy proceedings every ninety days beginning on December 12, 2025.

Dated this 24th day of September 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge